```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


LEETER D. ROBBINS,                    )
                                      )
               Plaintiff,             )
                                      )   CIVIL ACTION
v.                                    )
                                      )   No. 04-1174-MLB-JTR
                                      )
LINDA S. MCMAHON,[1] Acting           )
Commissioner of Social Security,      )
                                      )
               Defendant.             )
_____)
```

**REPORT AND RECOMMENDATION**

This matter is before the court on a motion for approval of an attorney fee (Doc. 32) pursuant to the Social Security Act, 42 U.S.C. § 406(b). The matter has been referred for a report and recommendation. The court recommends plaintiff's motion be GRANTED, approving fees in the amount of $22,785.00 pursuant to the Social Security Act.

**I.   Background**

Plaintiff's dealings with the Social Security Administration have been extensive and tortuous. "Plaintiff was awarded

---

[1] On Jan. 20, 2007, Linda S. McMahon became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

disability benefits from 1977 through 1982.  In December, 1982, the Commissioner determined that plaintiff's disability ceased and terminated payment of benefits." Robbins v. Barnhart, 205 F. Supp. 2d 1189, 1191 (D. Kan. 2002) (Robbins I).  After numerous subsequent applications and appeals within the Agency, a decision was issued finding that plaintiff's disability continued from 1977 through Jan. 1991, but ceased thereafter.  Id., 205 F. Supp. 2d at 1191-92.  Plaintiff appealed that determination to this court, where in due course the court determined that the record supported but one conclusion:  that plaintiff was disabled within the meaning of the Social Security Act through Apr. 25, 1998. Id., 205 F. Supp. 2d at 1208.  The court found that there was insufficient evidence to determine whether disability continued after Apr. 1998, and remanded for the Commissioner to determine whether there had been medical improvement in plaintiff's condition after Apr. 1998.  Id.  The court in Robbins I awarded attorney fees of $6,993.85 pursuant to the Equal Access to Justice Act.  Robbins v. Barnhart, No. 01-1072-JAR, (Doc. 27) (D. Kan. Nov. 07, 2002).

On remand, the Commissioner found that plaintiff was no longer disabled after Apr. 26, 1998.  Robbins v. Barnhart, No. 04-1174-MLB, Report and Recommendation at 6 (D. Kan. May 9, 2005) (Robbins II).  Plaintiff appealed again to this court, and after review, the court remanded for immediate award of benefits.  Id.

Case 6:04-cv-01174-MLB   Document 35   Filed 01/31/07   Page 3 of 7

at 63-64.  The court granted attorney fees of $8,637.88 pursuant to the Equal Access to Justice Act.  (Doc. 31).  Plaintiff now seeks award of attorney fees pursuant to § 406(b) of the Social Security Act.

## II.  Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.  42 U.S.C. § 406(b).  The court has discretion to approve such a fee.  McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).  However the court has an affirmative duty to allow only so much of the fee as is reasonable.  Gisbrecht v. Barnhart,  535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.
>
> 42 U.S.C. § 406(b)(1)(A)(emphasis added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the

"lodestar[2]" method to establish a reasonable fee.  Where there is a contingency-fee agreement between plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness.  <u>Gisbrecht</u>, 535 U.S. at 807-08.  In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case.  <u>Id.</u> 535 U.S. at 808.  The Court noted that the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate.  <u>Id.</u>

**III. Discussion**

Here, plaintiff's attorney submitted an affidavit in which he asserted that his usual billing rate for cases which are not complex and are not contingent is $175.00 per hour.  (Doc. 32-3).  Counsel also provided a statement of the time expended on plaintiff's case showing 112.85 hours of work representing plaintiff before this court since Mar. 8, 2001.  (Doc. 32-3).

---

[2]In using the lodestar method, the court is to multiply the reasonable number of hours expended on the case times the reasonable hourly rate within the legal community for similar services by attorneys of comparable skill, experience, and reputation as plaintiff's counsel.  <u>Frazier v. Apfel</u>, 240 F.3d 1284, 1286 (10th Cir. 2001).

The Commissioner responded to plaintiff's motion and discussed the law applicable to considering a motion for attorney fees pursuant to § 405(b). (Doc. 33). She noted that in interpreting Gisbrecht, courts have found reasonable fee amounts ranging from $338.29 to $605.79 per hour. Id. at 3. In the final sentence of her brief, the Commissioner disclaims any "specific objections to Plaintiff's request for Attorney Fees, and respectfully asks only that a reasonable attorney's fee be awarded to counsel for the work expended on Plaintiff's behalf." Id. at 3-4.

For almost six years, plaintiff's attorney has represented her in proceedings before this court. Each time, he has diligently presented her case and briefed the issues and the law to this court. He succeeded in getting remand for immediate award of benefits in both cases. As the court noted in its Report and Recommendation in this case,

> This case has been in continuous adjudication since Feb. 8, 1995. As plaintiff argues, it has been twenty-two years since plaintiff's benefits were improperly terminated in Dec. 1982. Review of the decision and the record in this case reveals that the Commissioner is either unable or unwilling to properly adjudicate this case.

(Doc. 14, 63-64). Through all this, counsel persevered in representing plaintiff based upon a contingent fee agreement in which he was aware he might receive no fee.

None of the delay in this case can be attributed to improper action on the part of plaintiff's counsel. And, the court finds that the fee is not inordinately large in comparison to the amount of time spent on the case over more than five years. A fee of $22,785.00 derived from 112.85 hours of work results in an hourly rate of $201.91. This is $136.38 per hour _less_ than the lowest rate pointed out by the Commissioner, and only $26.91 more than counsel's standard rate. When considering the nature of the fee, the court finds it to be reasonable.

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for approval of fee (Doc. 32) be GRANTED.

**IT IS FURTHER RECOMMENDED** that pursuant to 42 U.S.C. § 406(b)(1) the Commissioner be ordered to pay plaintiff's counsel the sum of $22,785.00 from plaintiff's past due benefits. Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA attorney fee awards totaling $15,631.73, currently held by plaintiff's counsel, Mr. David H. M. Gray, shall be refunded to plaintiff.

Copies of this recommendation and report shall be delivered to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.

Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 31st day of January 2007, at Wichita, Kansas.

                                                  s/John Thomas Reid  
                                                  **JOHN THOMAS REID**  
                                                  **United States Magistrate Judge**